IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

v.                              Case No. 4:23-CR-53-JM

FRANSWAR MORRIS
USM No.48958-510

**ORDER**

Pending before the Court is an oral emergency motion for compassionate release put forth by Morris's appointed counsel in light of his critical health condition and expected imminent death. The U.S. Marshal and Morris's appointed attorney have both reported on his dire and terminal condition and have requested that he be released from USMS custody. The government has been contacted and has no objection.

Franswar Morris is serving a thirty-three month sentence for possession with the intent to distribute cocaine. (Doc. No. 28). He self-reported to Tallahatchie County Correctional Facility on August 28, 2024 as ordered in the judgment entered on July 11, 2024. Morris was on oxygen at the time he reported and was housed in medical due to his serious health issues, which include congestive heart failure, chronic obstruction pulmonary disease, embolism, hypertension, hyperlipidemia, hyperthyroidism, and sleep apnea. On September 14, 2024, Morris was having trouble breathing and was taken to the emergency room. There it was discovered that he had a rectal bleed and had lost half of his blood volume. The medical staff reported that his liver is failing and his mental status is altered to the point where he cannot protect his airway. The next day he was transported to the ICU of another hospital where he remains intubated. Morris's health is rapidly deteriorating and he is not expected to live much longer.

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a Court can reduce a prisoner's sentence if it finds that "extraordinary and compelling reasons" warrant the reduction and that the reduction "is consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i). A terminal illness, defined as a serious and advanced illness with an end-of-life trajectory, is an extraordinary and compelling reason. USSG § 1B1.13(b)(1)(A). Morris has not yet been designated to a BOP facility and is in the custody of the USMS. Under these circumstances and given the urgent nature of the request, Morris was not required to exhaust his administrative remedies prior to making this appeal to the Court.

The Court finds that given his critical and failing health condition, Morris is not a danger to the safety of another person or the community. USSG § 1B1.13(2). Also the fact that he must live under the terms of his supervised release, further reduces any risk to the public. The Court concludes that Morris no longer poses a danger to anyone else or to the community. After consideration of the factors enumerated in 18 U.S.C. § 3553(a), Morris's oral motion for compassionate release is granted. The judgment (Doc. No. 28) is amended. The prison sentence is reduced to time served. In the unlikely event that Morris survives his current hospitalization, a five-year term of supervised release is imposed. Morris must abide by the mandatory, standard, and special conditions in the Judgment. The Court directs the Clerk to provide the United States Marshals Service and the United States Probation Office with copies of this Order.

IT IS SO ORDERED this 17th day of September, 2024.

_____
UNITED STATES DISTRICT JUDGE